Lawrence ALBERTI, et al., Plaintiffs,
v.
Johnny KLEVENHAGEN, et
al., Defendants.
Civ. No. H–72–1094.
United States District Court,
S.D. Texas,
Houston Division.
Sept. 1, 1987.

contest the award of the above expenses; however, in view of the fact that the Court disallowed claim for expert witness fees pursuant to 28 U.S.C.A. § 1821, the Court must adjust the expense award made to Attorney Oitzinger.

The Court finds that an award of expenses to Attorney Oitzinger should also be made in the amount of $3,193.44, the amount claimed by Attorney Oitzinger in the Second Supplemental Interim Request for Compensation. The Court further finds that after taking the above-mentioned amounts into consideration, the amount of expenses awarded to James Oitzinger should total $7,260.93.

The Court's August 26, 1987 Order provides Attorney Birnberg with reimbursement of $9,147.74 for "Fee Counsel Fees Awarded." The Court is of the opinion that since the above-mentioned amount was disbursed to the law firm of Susman, Godfrey & McGowan, who have also been awarded fees for the same time period, the Court's award would constitute double recovery if Attorney Birnberg would also be compensated this amount. Therefore, the Court is of the opinion that the amount of $9,147.74 should be deducted from Attorney Birnberg's fee award.

---

## AMENDED ORDER

CARL O. BUE, Jr., District Judge.

Pending before the Court is Plaintiffs' Request for Modified Order pursuant to Rule 60 Federal Rules of Civil Procedure. Plaintiffs request that the Court modify its Order of August 26, 1987, 688 F.Supp. 1176, to correct minor miscalculations and omissions.

■ The Court awarded James Oitzinger the sum of $22,887.08 for expenses, the amount he requested in his third fee application. The expense figure, however, included $18,819.59 for non-court appointed expert witnesses. The Defendants did not

■ The Court's Order of August 26, 1987 inadvertently omitted the virtually uncontested claims for compensation of Attorney Stefan Presser and Attorney J. Patrick Wiseman. Attorney Presser requested compensation for 63.50 hours or a total fee award of $9,525.00. Attorney Wiseman requested compensation for 27 hours of attorney time at a rate of $175.00 per hour or $4,725.00 plus $908.00 for deposition expense for a total fee award of $5,633.00 (Plaintiffs' Exhibit No. 63). The Defendants contested the hourly rate claimed by Attorney Presser and Attorney Wiseman because the Defendants asserted that the above named attorneys did not submit evi-

dence of their own billing practices. The Court finds that based on all the evidence presented at trial, the hourly rates requested by Messrs, Presser and Wiseman are reasonable. Therefore, the Court awards Attorney Stefan Presser a fee award in the amount of $9,525.00, and Attorney Wiseman a fee award in the amount of $5,633.00.

The Plaintiffs further requested that the Court correct calculations and/or typographical errors found in the Appendices A and B to the August 26, 1987 Order. In Appendix B, a total of 143.63 hours of attorney time were excluded from the Phase A–G "merits" section, but were not later added in the computation for "fee litigation" in Phase H. The Court agrees with the Plaintiffs that the miscalculations in Appendix B should be corrected. In Appendix A, the amount of total number of hours should be corrected to read 6,931.09 hours. Accordingly, the Court finds that revised Appendices B–1 and B–2 should be attached to the instant Order to reflect the corrections in calculations made by the Court. The Court therefore finds that it is the analysis found in Appendices B, B–1 and B–2 which constitute the finding of the Court as to the reasonable hours which have been expended by Attorney Oitzinger in the instant action.

## ORDER

Pending before the Court is Defendants Motion to Amend the Court's Order Awarding Attorney's Fees. The Defendants request that the Court amend its Memorandum and Order entered August 26, 1987, pursuant to rule 59(e) Federal Rules of Civil Procedure and 28 U.S.C.A. § 1292(b). The Defendants' contend that 28 U.S.C.A. § 1292(b) requires the Court to certify that:

"(a) Such order determine finally the claims of the parties with respect to the period of time in question. July 1972 through December 1985 on the merits litigation and December 1986 on the fee litigation for James Oitzinger, and August 1975 through February 1987 for Gerald Birnberg on both merits and fee litigation.

(b) That such order is separate from and collateral to the rights asserted in the action.

(c) That the rights of the parties with respect to the payment of such awards are too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until entry of final judgment.

(d) That the order involves a controlling question of law, with respect to the collateral claim, as to which there is substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation.

(e) Such order, although not a final judgment on the merits of the case, have a final and irreparable effect on the rights of the parties and does not affect the final disposition of the case on its merits and will not be merged in final judgment." Defendant's Motion to Amend at pp. 2–3.

After judicious consideration of the brief filed by the Defendants, the arguments of counsel, and the applicable law, the Court is of the opinion that the Defendants' request that the Court certify this case pursuant to 28 U.S.C.A. § 1292(b) should be denied. A thorough review of the applicable statute as it relates to the facts and circumstances of the present case points to the inescapable conclusion that 28 U.S.C.A. § 1292(b) simply does not apply to the instant action.

APPENDIX B

## BREAKDOWN OF "FEE" TIME IN PHASES A-G FOR JAMES OITZINGER BASED ON "HISTORICAL RATES" APPROACH AND ANALYSIS

| Phase | Unadjusted "Customary Fee" | Preclusion of other Employment | Case Undesirability | Hourly Fee before Multipliers | Hours | Lodestar Amount | Contingency Multiplier | Exceptional Results Multiplier | Total Fee Request before Inflation Adjustment | Delay in Receipt of Payment Multiplier Adjustment | Total Fee Award after Inflation Adjustment |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **FEE LITIGATION:** | | | | | | | | | | | |
| Phase D 09/15/78-05/22/82 | $ 90.00 | | | $ 90.00 | 10.25 | $ 922.50 | | | $ 922.50 | 1.50 | $ 1,383.75 |
| Phase E 05/23/82-05/20/83 | $ 115.00 | | | $ 115.00 | 16.25 | $ 1,868.75 | | | $ 1,868.75 | 1.47 | $ 2,747.06 |
| Phase F 05/21/83-12/19/84 | $ 115.00 | | | $ 115.00 | 63.18 | $ 7,265.70 | | | $ 7,265.70 | 1.36 | $ 9,881.35 |
| Phase G 12/20/84-12/31/85 | $ 150.00 | | | $ 150.00 | 53.95 | $ 8,092.50 | | | $ 8,092.50 | 1.17 | $ 9,468.23 |
| TOTALS | | | | | 143.63 | $ 18,149.45 | | | $ 18,149.45 | | $ 23,480.39 |

APPENDIX B—Continued

B-2

### BREAKDOWN OF "FEE" TIME EXPENDED IN PHASES A-H WITH TOTALS FOR TO JAMES OITZINGER BASED ON "HISTORICAL RATES" APPROACH AND ANALYSIS - JULY 5, 1972 TO DECEMBER 3, 1986

| Phase | Unadjusted "Customary Fee" | Preclusion of other Employment | Case Undesirability | Hourly Fee before Multipliers | Hours | Lodestar Amount | Contingency Multiplier | Exceptional Results Multiplier | Total Fee Request before Inflation Adjustment | Delay in Receipt of Payment Multiplier Adjustment | Total Fee Award after Inflation Adjustment |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **FEE LITIGATION:** | | | | | | | | | | | |
| Phase D 09/15/78-05/22/82 | $ 90.00 | | | $ 90.00 | 10.25 | $ 922.50 | | | $ 922.50 | 1.50 | $ 1,383.75 |
| Phase E 05/23/82-05/20/83 | $ 115.00 | | | $ 115.00 | 16.25 | $ 1,868.75 | | | $ 1,868.75 | 1.47 | $ 2,747.06 |
| Phase F 05/21/83-12/19/84 | $ 115.00 | | | $ 115.00 | 63.18 | $ 7,265.70 | | | $ 7,265.70 | 1.36 | $ 9,881.35 |
| Phase G 12/20/84-12/31/85 | $ 150.00 | | | $ 150.00 | 53.95 | $ 8,092.50 | | | $ 8,092.50 | 1.17 | $ 9,468.23 |
| Phase H 01/01/86-12/02/86 | $ 170.00 | | | $ 170.00 | 279.90 | $ 47,583.00 | | | $ 47,583.00 | 1.06 | $ 50,437.98 |
| **TOTALS - FEE LITIGATION** | | | | | 423.53 | $ 65,732.45 | | | $ 65,732.45 | | $ 73,918.37 |
| **TOTALS - "MERITS"** | | | | | 6,508.46 | $ 597,350.40 | | | $ 747,559.66 | | $ 1,452,172.42 |
| **TOTAL FEE BEFORE ADJUSTMENT FOR INFLATION** | | | | | 6,931.99 | $ 662,082.85 | | | $ 613,292.11 | | |
| **TOTAL FEE AWARD** | | | | | | | | | | | $ 1,526,090.79 |